```
           IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION
                      3:07CV209-W-02
                       (3:03CR181-W)
```

| | |
|---|---|
| **ROBERT ANTHONY THOMPSON,** ) | |
|     **Petitioner,** ) | |
| ) | |
|     v. ) | <u>**ORDER**</u> |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
|     **Respondent.** ) | |
| _____) | |

    **THIS MATTER** comes before the Court on its own Motion.

    On November 28, 2007, this Court entered an Order, granting the petitioner relief on his claim that his former sentencing attorney had rendered ineffective assistance by failing to honor the petitioner's request for an appeal. Also, in reliance upon the mistaken representations of the government, the Court's November Order made two references to former counsel's failure to provide the government with a response to the subject allegation of ineffectiveness.

    However, on December 4, 2007, the government filed a Motion to Correct the Record, in which counsel for the government advised the Court that he previously had erred in reporting to this Court that former sentencing counsel had not responded to the government's request for a response to the petitioner's claim. Indeed, counsel for the government advised the Court that former sentencing counsel, in fact, had provided his own Affidavit in

opposition to the subject claim.

Nevertheless, counsel for the government asserted that neither the Affidavit nor the government's error should cause the Court to reverse its earlier decision to grant the petitioner relief.  Rather, counsel asserted that the Court's decision to grant the relief was firmly grounded in the relevant legal precedent, and was based upon a determination that the protection of the petitioner's appellate rights required caution from the Court.  Thus, the government's Motion to Correct the Record asked the Court simply to amend its November Order to delete the erroneous references to former sentencing counsel's failure to respond, and to leave the remainder of the Order in tact.  After carefully considering those matters, on January 10, 2008, this Court entered an Order which granted the government's Motion to Correct the Record.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The third full paragraph on page five of the Court's Order of November 28, 2007 (document number 10) is amended to read as follows:

> For his part, counsel for the government filed a Response in which he concedes that the critical question of whether defense counsel was ineffective for failing to honor the petitioner's request for an appeal should, for the sake of simplicity, be decided in the petitioner's favor.

2.  The second full paragraph on page seven of the Court's

November 28, 2007 Order is amended to read as follows:

> In the instant case, the petitioner has alleged that he expressly requested an appeal on the date that he was sentenced and on a later date, and that counsel agreed to file the appeal for him. However, the underlying criminal record reflects, as the petitioner further has alleged, that counsel failed to file that appeal. For his part, the petitioner's former attorney has filed an Affidavit in which he states that immediately after the petitioner was sentenced, counsel discussed with him "the possibilities for an appeal . . ."; that during that conversation, counsel told the petitioner that an appeal could be harmful and, in any event, would certainly be unsuccessful; that at the end of such conversation, counsel told the petitioner that if he "changed his mind and decided to appeal . . . ," he could call counsel to indicate his desire for an appeal; and that the petitioner never contacted his former counsel regarding an appeal.

3. The remainder of the Court's November 28, 2007 Order is left undisturbed and in full effect.

**SO ORDERED.**

Signed: January 11, 2008

Frank D. Whitney
United States District Judge

3